# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **ALTUS KELLY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:20-cv-00157** |
| | ) | |
| **STATE OF TENNESSEE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Altus Kelly, a former Tennessee inmate currently on probation and residing in Illinois, has clarified his original pleading (Doc. No. 1) by filing a pro se complaint for violation of civil rights under 42 U.S.C. § 1983 (Doc. No. 4) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 5.) The Clerk is **DIRECTED** to update the docket to reflect the appropriate cause and nature of suit codes.

## I.      Application to Proceed as a Pauper

An indigent party may commence a civil action without paying required costs and fees, upon submitting an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and [the] affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Because it is apparent from Plaintiff's IFP application that he lacks the funds to pay the filing fee, his application (Doc. No. 5) is **GRANTED**.

## II.     Initial Review

Pursuant to Section 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and must take all well-pleaded factual allegations as true. Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)).

Plaintiff alleges that, prior to his conviction and suspended sentence for forgery and theft, he was a pretrial detainee at the Murfreesboro County Jail from February to August of 2018, during which time his Eighth and Fourteenth Amendment rights were violated by correctional officers

2

who exposed him to unsanitary conditions in his cell and a nurse practitioner who failed to provide proper medical treatment. (Doc. No. 1 at 4–6.) He further alleges that he received ineffective assistance of counsel from Brittany Flatt, the public defender appointed to represent Plaintiff in his criminal case, who visited him on only one occasion at the jail and who failed to present any evidence at Plaintiff's sentencing hearing. (Id. at 4–5.) Plaintiff seeks relief for these constitutional violations under 42 U.S.C. § 1983, asking for an award of compensatory and punitive damages against the State of Tennessee and Flatt. (Id. at 6–7.)

Section 1983 creates a cause of action against "[e]very person" who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. 42 U.S.C. § 1983; Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). However, the State of Tennessee is not a "person" subject to suit under Section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 64–66 (1989). Furthermore, the Eleventh Amendment bars Section 1983 suits for money damages against a State in federal court. Rodgers v. Banks, 344 F.3d 587, 594 (6th Cir. 2003) (citing Will, 491 U.S. at 66). Plaintiff therefore fails to state a viable claim against the State of Tennessee.

Even if Plaintiff had sued a proper defendant concerning the conditions of his confinement, the statute of limitations for his claims under Section 1983 is the one-year period set out in Tenn. Code Ann. § 28-3-104(a)(1)(B). Roberson v. Tennessee, 399 F.3d 792, 794 (6th Cir. 2005). His claims for constitutional violations occurring in 2018 would thus be subject to dismissal as untimely.

Finally, Plaintiff cannot state a viable claim for damages based on Defendant Flatt's alleged ineffective assistance as defense counsel. Because success on this claim would necessarily imply the invalidity of Plaintiff's conviction or sentence, he must first demonstrate that his conviction or

3

sentence has previously been declared invalid by a state or federal court; otherwise, his damages claim is not cognizable under Section 1983. Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). The complaint provides no reason to believe that Plaintiff's conviction or sentence has been invalidated. Moreover, Flatt is not a proper defendant under Section 1983 because "public defenders do not 'act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" Powers v. Hamilton Cnty. Pub. Def. Comm'n, 501 F.3d 592, 611 (6th Cir. 2007) (quoting Polk County v. Dodson, 454 U.S. 312, 325 (1981)). Accordingly, Plaintiff's claim based on the alleged ineffective assistance of counsel must be dismissed.

## III. Conclusion

For these reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim on which relief may be granted and for seeking monetary relief against an immune defendant. This dismissal is without prejudice to Plaintiff's right to file an appropriate petition seeking habeas corpus relief.

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

4